IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY MAGAR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )     CIV-06-138-HE |
| v. | ) |
| | ) |
| DAVID PARKER, Warden,[1] | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges constitutional deprivations with respect to a disciplinary proceeding conducted at Great Plains Correctional Facility ("GPCF"). No response to the Petition has been filed,[2] and Petitioner has interposed a "Motion to Stay Proceedings to Allow Petitioner to Exhaust State Remedies." A response

---

[1] Petitioner named Sam Calbone as the Respondent in his Petition. However, Petitioner is incarcerated at the James Crabtree Correctional Center ("JCCC"). The undersigned previously entered an Order finding that JCCC Acting Warden Rodney Redman was the proper Respondent. However, David Parker has been appointed as the Warden of JCCC in the intervening period. Accordingly, current JCCC Warden Parker is substituted as the proper Respondent herein pursuant to 28 U.S.C. § 2243 and Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

[2] An Order for Response was issued to the Oklahoma Attorney General on March 2, 2006.

1

to this motion is waived in the discretion of the undersigned. LCvR 1.2(c).  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[3]

Petitioner alleges that he is challenging a prison disciplinary action at GPCF conducted on August 4, 2005, in which Petitioner was found guilty of the misconduct offense of possession/manufacture of contraband and sanctions were imposed, including the forfeiture of 365 days of earned credits.  Petitioner contends that he has exhausted all administrative remedies prior to filing the Petition, and that there are no further administrative or statutory exhaustion requirements available to him.

Exhaustion of available state remedies is generally required for petitions brought under 28 U.S.C. § 2241. Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir. 2005); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").  As the Tenth Circuit Court of Appeals has explained,

> No statutory exhaustion requirement applies to § 2241, but case law holds that although section 2241 establishes jurisdiction in the federal court to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

---

[3] Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. §2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

Capps v. Sullivan, 13 F.3d 350, 354 n.2 (10th Cir. 1993) (internal quotation and citations omitted).  Under § 2241, the petitioner bears the burden of showing that he has exhausted available state remedies.  See Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002).  "The exhaustion doctrine requires a state prisoner to 'fairly present[]' his or her claims to the state courts before a federal court will examine them." Demarest v. Price, 130 F.3d 922, 932 (10th Cir. 1997) (citations omitted).  However, the exhaustion "requirement is not applicable when the prisoner has no adequate remedy such that exhaustion would be futile." Gamble v. Calbone, 375 F.3d 1021, 1026 (10th Cir. 2004).

Although the Tenth Circuit Court of Appeals concluded in Gamble that Oklahoma prisoners had no adequate state court remedy for challenging a disciplinary decision impacting their earned-credit status, id. at 1027, Oklahoma enacted Okla. Stat. tit. 57, § 564.1 in 2005, after the Gamble decision. This new statute expressly provides Oklahoma inmates with a judicial remedy for challenging institutional disciplinary decisions on due process grounds, and Gamble therefore is no longer persuasive authority with respect to the exhaustion issue for Oklahoma prisoners challenging institutional disciplinary decisions affecting their earned credits. The Oklahoma statute, which became effective on May 10, 2005, provides in relevant part:

> In those instances of prison disciplinary proceedings that result in the revocation of earned credits, the prisoner, after exhausting administrative remedies, may seek judicial review in the district court of the official residence of the Department of Corrections.

3

Okla. Stat. tit. 57, § 564.1(A)(Supp. 2005). The statute delineates the grounds that may be raised by the inmate in challenging the results of a disciplinary proceeding. See Okla. Stat. tit. 57, § 564.1(D). The statute limits judicial review to a finding whether "due process was [ ] provided...." and limits relief to another hearing "to provide due process." Okla. Stat. tit. 57, § 564.1(E).

Despite the evidence attached to the Petition showing Petitioner has apparently exhausted the administrative remedies available to him with respect to the challenged disciplinary action taken against him at GPCF, Petitioner has not shown that he has exhausted the judicial review procedure mandated by Okla. Stat. tit. 57, § 564.1. Petitioner contends in his Petition that there was no evidence to support the finding of guilt in the disciplinary action, that he was denied the assistance of a staff representative, and that he was not provided a sufficient explanation of the evidence the disciplinary hearing officer relied upon in reaching the decision in the disciplinary action. His contentions clearly fall within the ambit of Oklahoma's judicial review procedure for institutional disciplinary actions, and § 564.1 was in force prior to the disciplinary action that is being challenged in the Petition. See Okla. Sess. Laws, c. 159, § 5 (effective May 10, 2005).

Petitioner has filed a "Motion to Stay Proceedings to Allow Petitioner to Exhaust State Remedies" in which Petitioner concedes that he has failed to exhaust the available state remedy provided in Okla. Stat. tit. 57, § 564.1. Petitioner requests that this Court enter an order staying the instant action until Petitioner has exhausted the state court remedy. However, Okla. Stat. tit. 57, § 564.1 contains a ninety-day limitation period for filing a

petition for review of the final Oklahoma Department of Corrections ("DOC") decision in the prison disciplinary action being challenged. This statutory limitation period expires ninety days after the date of the response from the DOC Director or Director's Designee, which in this case was ninety days after September 21, 2005, the date of the response received by Petitioner in his administrative appeal of the challenged disciplinary action, or on or about December 21, 2005. Petition, att. G. Thus, it would be futile to require Petitioner to exhaust the state court review process because the state courts would now find Petitioner's claims procedurally barred, and the state courts' reliance on the statutory time limitation imposed by Section 564.1 would reflect an independent and adequate state law ground for the state court's decision. Accordingly, Petitioner's due process claims herein should be deemed exhausted but procedurally barred, see Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Cargle v. Mullin, 317 F.3d 1196, 1212 n. 15 (10th Cir. 2003); Hawkins v. Mullin, 291 F.3d 658, 668 (10th Cir. 2002), unless Petitioner can show cause for his procedural default and prejudice resulting therefrom or that a fundamental miscarriage of justice would result from the failure to review Petitioner's claims. Coleman, 501 U.S. at 750; Gilbert v. Scott, 941 F.2d 1065, 1067-1068 (10th Cir. 1991).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petitioner's "Motion to Stay Proceedings to Allow Petitioner to Exhaust State Remedies" (Doc. #9) be DENIED and that Petitioner be directed to show cause why his cause of action should not be denied as

procedurally barred. The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___May 10th___, 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991). The Clerk of the Court is instructed to electronically forward a copy of this Report and Recommendation to the Oklahoma Attorney General on behalf of the Respondent at the following address: fhc.docket@oag.state.ok.us.

This Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this __20th__ day of __April__, 2006.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE